IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GISELLE BRADLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 05-0930-C-W-SOW |
| | ) | |
| SANFORD BROWN COLLEGE, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court are defendants' Motion to Dismiss (Doc. #4), defendants' Suggestions in Support, plaintiffs' Suggestions in Opposition, and defendants' Reply. For the reasons stated below, defendants' motion is granted in part and denied in part.

I. Background

Plaintiffs are eight former students who were enrolled in the radiography program at defendant Sanford Brown College, Inc. ("SBC"). Plaintiffs have collectively alleged that defendants SBC, Colorado Technical University, Inc. ("CTU"), Career Education Corp. ("CEC"), and Whitman Education Group, Inc. made fraudulent representations concerning the radiography program at SBC.[1] Plaintiffs claim that they relied on these alleged misrepresentations in deciding to enroll in SBC's radiography program. Plaintiffs have asserted claims for fraudulent misrepresentation (Count I), violation of the Missouri Merchandising Practices Act (Count II), and breach of contract (Count III).

Defendants argue that the fraud-based claims in Count I and Count II of the Petition

_____

[1]According to defendants' motion, named defendant Whitman Education Group, Inc. had not been served at the time the Motion to Dismiss was filed.

should be dismissed because plaintiffs have not pled these claims with the specificity required by Federal Rule of Civil Procedure 9(b). Defendants argue that Count III should be dismissed as to all defendants except SBC because the only contracts that exist are between plaintiffs and SBC. Plaintiffs oppose defendants' motion.

## II.  Discussion

A.    Fraudulent Misrepresentation (Count I)

Pursuant to Federal Rule of Civil Procedure 9(b), "all averments of fraud" must be pled with particularity. Defendants SBC, CTU, and CEC argue that plaintiffs have failed to make specific factual allegations regarding the precise content of the alleged misrepresentations, when, where, or to whom they were said, and the basis for plaintiffs' alleged reliance as required by the United States Court of Appeals for the Eighth Circuit. Commercial Property Inv., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995); Roberts v. Francis, 128 F.3d 647, 651 (8th Cir. 1995). Defendants add that plaintiffs are required to inform each defendant of the nature of his or its alleged participation in the fraud. Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1328 (7th Cir. 1994). Defendants note that while Paragraph 9 of plaintiffs' Petition lists approximately 22 different misrepresentations, plaintiffs have not made any effort to identify which of the four named defendants made the alleged misrepresentations.

In their response, plaintiffs repeat some of the allegations contained within their Petition and assert that the allegations are sufficient to satisfy Federal Rule of Civil Procedure 9(b). Plaintiffs add that defendants know, or should know, which admissions counselors worked with the individual plaintiffs and "which scripts and advertising materials were used to sell their school to these plaintiffs." Plaintiffs note that they have to rely on memory for all of this

information and cannot remember the names of all the people involved, the exact dates, or the precise wording of each alleged misrepresentation. While this may be true, it appears that plaintiffs are attempting to shift too much of their burden onto defendants.

With respect to the identity of the defendant responsible for each alleged misrepresentation, plaintiffs state that they have not yet had an opportunity to conduct discovery on defendants' corporate structure and the entities that participate in creating, approving, and circulating advertising and marketing materials.

Having considered the arguments raised by defendants and plaintiffs, the Court has decided not to dismiss plaintiffs' Petition. Instead, plaintiffs are directed to file an Amended Complaint within thirty days of the date of this Order. In the Amended Complaint, plaintiffs shall modify Count I to include a sub-part for each individual plaintiff. In the sub-parts, plaintiffs shall identify the alleged misrepresentations that apply to each individual plaintiff. Plaintiffs shall identify who made the representation, if known. Plaintiffs shall identify when the alleged misrepresentation was made, if known. Plaintiffs shall indicate whether the individual plaintiff relied on the representation. Finally, plaintiffs shall identify which defendant made the alleged misrepresentation, if known.

The Court is cognizant of the fact that plaintiffs have not yet had an opportunity to conduct discovery. Plaintiffs may discover additional misrepresentations to be added to their Amended Complaint at a later time. Plaintiffs also need an opportunity to discover defendants' corporate structure and the inter-relationship, if any, of the named defendants. Plaintiffs have elected to file a joint fraud claim, however, raising the possibility that one or more of the plaintiffs heard all or most of the alleged misrepresentations while others heard one or very few

3

of the alleged misrepresentations. Defendants to a fraud claim are entitled to know what each individual plaintiff is claiming in terms of the alleged misrepresentations and reliance thereon.

B.   Missouri Merchandising Practices Act (Count II)

Defendants argue that Federal Rule of Civil Procedure 9(b) also applies to plaintiffs' claims pursuant to the Missouri Merchandising Practices Act in Count II of the Petition. Assuming without deciding that Federal Rule of Civil Procedure 9(b) does apply to Count II, the directive issued by the Court in Part A of this Order should satisfy defendants' complaints about plaintiffs' Petition as the allegations supporting each count appear to be substantially the same. The Court will not dismiss Count II of plaintiffs' Petition.

C.   Breach of Contract Claim (Count III)

Defendants argue that Count III of the Petition should be dismissed as to named defendants Colorado Technical University, Inc. ("CTU") and Career Education Corp. ("CEC") because neither of these entities entered into contracts with any of the plaintiffs. Plaintiffs assert that there may be "intra-corporate agreements" between SBC, CTU, and CEC that plaintiffs have not yet had an opportunity to discover. Plaintiffs seek an opportunity to conduct discovery to determine whether named defendants CTU and/or CEC may be liable to plaintiffs.

Plaintiffs do not dispute the fact that at this time, they have no evidence of any contracts between any plaintiff and named defendants CTU and CEC. Therefore, plaintiffs cannot maintain a breach of contract claim against named defendants CTU and CEC. Count III is dismissed as to defendant CTU and CEC.

III.   Conclusion

For the reasons stated above, it is hereby

4

ORDERED that defendants' Motion to Dismiss (Doc. #4) is granted in part and denied in part. It is further

ORDERED that defendants Colorado Technical University, Inc. and Career Education Corp. are dismissed from Count III of plaintiffs' Petition. It is further

ORDERED that defendants' Motion to Dismiss Counts I and II of plaintiffs' Petition is denied. It is further

ORDERED that plaintiffs are to file an Amended Complaint within thirty days of the date of this Order. In the Amended Complaint, plaintiffs shall modify Count I to include a sub-part for each individual plaintiff. In the sub-parts, plaintiffs shall identify the alleged misrepresentations that apply to each individual plaintiff. Plaintiffs shall identify who made the representation, if known. Plaintiffs shall identify when the alleged misrepresentation was made, if known. Plaintiffs shall indicate whether the individual plaintiff relied on the representation. Finally, plaintiffs shall identify which defendant made the alleged misrepresentation, if known.


/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 11-17-05